**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 23 2014, 7:06 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**LEANNA WEISSMANN**
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JESSE R. DRUM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOSEPH CHADWICK COLE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 69A05-1402-CR-92 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE RIPLEY CIRCUIT COURT
The Honorable Carl Taul, Judge
Cause No. 69C01-0910-FB-22

**July 23, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Contending the trial court abused its discretion, Joseph C. Cole appeals its order revoking his probation. We affirm.

On February 7, 2011, Cole pleaded guilty to sexual misconduct with a minor as a Class B felony and was sentenced to six years, with three of those years suspended to probation. As a condition of his probation, Cole was not to ingest alcohol or illegal substances and was ordered not to commit additional crimes.

During the term of his probation, Cole was arrested for operating a vehicle while intoxicated. The arresting officer administered a breath test at the scene which showed Coles' blood alcohol content was 0.22%. Cole pleaded guilty and was convicted of operating while intoxicated.

The State filed a petition to revoke his probation contending that he had violated his probation by ingesting alcohol, committing a new offense, and failing to pay probation fees. Cole admitted the allegations, and the trial court revoked Cole's probation and ordered him to serve the remainder of his sentence.

"Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State,* 878 N.E.2d 184, 188 (Ind. 2007). "The trial court determines the conditions of probation and may revoke probation if the conditions are violated." *Id.* Upon the revocation of probation, the trial court may: (1) continue the person on probation, with or without modifying or enlarging the conditions; (2) extend the person's probationary period for not more than one year beyond the original probationary period; and (3) order execution of all or part of the sentence that was suspended at the time of initial sentencing. Ind. Code § 35-38-2-3(g). A trial court's

sentencing decisions for probation violations are reviewable using the abuse of discretion standard. *Prewitt*, 878 N.E.2d at 188. "An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances." *Id.*

Cole violated three conditions of his probation. He ingested alcohol and was convicted of a new crime. When arrested, the portable breath test showed his blood alcohol content was nearly three times the legal limit. In addition, Cole failed to pay his probation fees, notwithstanding his employment and ability to pay. Finally, Cole had a history of prior probation violations.

Cole has failed to show that the trial court abused its discretion.

Affirmed.

BAKER, J., and ROBB, J., concur.